1. Misdirection of the court, who decided and gave in charge to the jury that the delivery of the prisoner Farquhar up to the court at the return of the ca. sa. was not such as to discharge the officer, though it appeared that the officer gave him up at the return term into open court, and an entry appears on the minute docket in the following words: "The sheriff of Lincoln comes into open court and surrenders William Farquhar, whom he had taken upon a ca. sa. at the suit of James Rutherford."
2. The court left it to the jury to infer from parol evidence whether Patterson, who served and returned the ca. sa., was deputed, no evidence appearing that any written authority existed.
3. If it had been known to have been necessary, to make the surrender a good one to discharge the officer, to make it known to the plaintiffs or to the sheriff of this court, he could have proved what is set forth in the annexed affidavit. He was, therefore, as to this (70) point, surprised, etc.
By the act of 1777, ch. 8, sec. 5, every sheriff, by himself or his lawful deputy, is bound to execute all writs or other process to him lawfully issued and directed, and make due return thereof.
The first question, then, presented to the Court by this record is, Has the defendant, the late sheriff of Lincoln County, to whom the plaintiff "legally issued and directed" a writ of capias ad satisfaciendum against William Farquhar returnable to the county court of Rutherford, legally executed and returned the same? In order to arrive at a correct solution of this question, we must inquire what is commanded by the writ. The *Page 56 
mandate of the writ is that the sheriff take the body, safely keep it, and have it before the county court of Rutherford on a certain day therein specified. The defendant then answers and says the plaintiff ought not to have and maintain, etc., his action thereof, etc., for that it appears by the record of the county court of Rutherford that "the sheriff of Lincoln County comes into open court and surrenders William Farquhar, whom he has taken upon a ca. sa. at the suit of James Rutherford."
It is objected that this is not a good return in exoneration of the sheriff, the defendant, for that it does not appear that notice was given to the plaintiff of the time of the surrender, or of the time of the return of the writ.
We are all of opinion that this objection is not sustainable. Notice can only be necessary in any case where it serves to give information, to the party claiming the benefit of it, of some fact or circumstances without which he could not legally be presumed to have knowledge. That is not the case here. The writ of ca. sa. was issued by the plaintiff himself. It would be idle, therefore, to say he was entitled to notice of the time when the writ of ca. sa. was returned, and when the debtor was surrendered. This case differs from that of bail surrendering their (71) principal to the court in discharge of their undertaking. Bail have the right of surrendering their principal in discharge of themselves at any time, but of the time when they make such surrender the plaintiff cannot be presumed to have any knowledge; he is therefore in such case entitled to notice, that he may have an opportunity to move the court to have his debtor committed, or take such other steps as he may deem right and proper.
We are also of opinion that this is a good surrender and return in exoneration of the sheriff, the defendant, upon another ground. This writ issued from and was made returnable to the county court of Rutherford, and was directed to the defendant, then sheriff of Lincoln County, commanding him to have the body of the plaintiff's debtor before the court from whence the writ issued to pay to the plaintiff, etc. The mandate of the writ the sheriff was strictly bound to obey, but his authority extended no farther.
Although a sheriff by virtue of a ca. sa. may confine a debtor within the walls of the public prison of his own county for safe custody, because by virtue of his office of sheriff he is the keeper of said prison, yet he has no authority ex officio to imprison in the jail of another county. Nay, indeed the sheriff of Rutherford County, in this case, would not have been justifiable in imprisoning the said William Farquhar unless a committitur
had been entered of record. *Page 57 
It was the duty of the plaintiff to have been present in court on the day of the return of the writ, and surrender of the body of his debtor by the sheriff, and to have moved the court for his commitment, or to have taken such other steps as he might have deemed most likely to have insured or enforced the payment of his judgment.
Let the rule be absolute.
Cited: Spencer v. Moore, 19 N.C. 266.
(72)